Velazquez v. Pallito, No. 419-7-13 Wrcv (Teachout, J. Mar. 27, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                   **CIVIL DIVISION**
**Windsor Unit**                                     **Docket No. 419-7-13 Wrcv**

**TIMOTHY VELAZQUEZ,**

       **Plaintiff,**

**v.**

**ANDREW PALLITO, Commissioner,**
**Vermont Department of Corrections,**

       **Defendant.**

### DECISION
### Defendant's Motion For Summary Judgment and
### Plaintiff's Cross-Motion For Summary Judgment

This matter is before the court on Andrew Pallito's ("Defendant's")[1] Motion for Summary Judgment, filed October 10, 2013, and Timothy Velazquez's ("Plaintiff's") Cross-Motion for Summary Judgment, filed December 20, 2013.[2]

### FACTS

Plaintiff is an inmate currently in the custody and care of Defendant. On May 22, 2013, the Department served Plaintiff with a disciplinary report accusing him of a Major A9 disciplinary rule violation (the "DR") for possession, introduction, or use of any alcohol, drug, or related paraphernalia not prescribed for an individual. After a hearing held approximately a week later, Plaintiff was found guilty of the DR, and the Department's hearing officer concluded that Plaintiff had conspired with others to introduce contraband including drugs and tobacco into the correctional facility in which Plaintiff is incarcerated.

The evidence against Plaintiff consisted of two reports by Corrections Officer Kenneth Swain, who had monitored Plaintiff's telephone calls between May 17, 2013 and May 20, 2013.[3] The Department refused to allow Plaintiff to see these reports because the Department considered them confidential. The Department did inform Plaintiff of C.O. Swain's identity and the fact that his reports related to Plaintiff's telephone calls.

---

[1] Defendant is the Commissioner of the Vermont Department of Corrections (the "Department").

[2] Plaintiff initially filed his cross-motion on November 11, 2013, but the court requested a corrected version, which Plaintiff filed on December 20, 2013.

[3] One paragraph in C.O. Swain's reports summarizes a call made by another inmate.

On July 5, 2013, Plaintiff initiated this action, challenging the DR. Defendant moved for summary judgment on October 10, 2013, arguing that the court should uphold the DR because C.O. Swain's reports constitute some evidence that Plaintiff was exchanging money for tobacco and drugs that would be introduced into a correctional facility. On December 20, 2013, Plaintiff responded to Defendant's motion and cross-moved for summary judgment, asserting that the Department had violated due process by failing to provide Plaintiff with its evidence against him and that the DR was based on insufficient evidence.

The Court heard oral argument on the motion and cross-motion on March 5, 2013. Plaintiff was represented by Attorney Kelly Green. Defendant was represented by Assistant Attorney General Robert Menzel.

## ANALYSIS

To prevail on a motion for summary judgment, a movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). In ruling on a motion for summary judgment, the court will take "all allegations made by the nonmoving party as true." *Richart v. Jackson*, 171 Vt. 94, 97 (2000). Here, both parties have moved for summary judgment, and each motion is analyzed by giving the benefit of reasonable doubts and inferences to the nonmoving party. *See DeBartolo v. Underwriters at Lloyd's of London*, 2007 VT 31, ¶ 8, 181 Vt. 609 ("If both parties seek summary judgment, each must be given the benefit of all reasonable doubts and inferences when the opposing party's motion is being evaluated.").

Generally, a court will uphold a prison disciplinary decision if the Department presents "some evidence" supporting it. *See LaFaso v. Patrissi*, 161 Vt. 46, 49 (1993). "The 'some evidence' standard requires [the court] to determine whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *King v. Gorczyk*, 2003 VT 34, ¶ 7, 175 Vt. 220. In his summary judgment motion, Defendant asserts that the Department had sufficient evidence to find Plaintiff guilty of the DR. Specifically, Defendant claims that C.O. Swain's reports establish that Plaintiff was involved in an operation whereby he received money in exchange for providing drugs and tobacco to other inmates.

The Court has reviewed the material relied on by the hearing officer and concludes that Defendant has failed to meet the 'some evidence' test on both the identification of drugs, alcohol, or tobacco as being involved, and the issue of the introduction of substances into the correctional facility. Despite Defendant's assertions to the contrary, C.O. Swain's reports do not indicate that Plaintiff "conspired with others to introduce contraband including drugs and tobacco into the facility by using the telephone to communicate with individuals outside the correctional facility." Def.'s Mot. for Summ. J., p. 4.

The reports establish that Plaintiff spoke over the telephone with several friends and acquaintances outside of the facility about a variety of topics, including that some of them owed Plaintiff money and that certain individuals should connect with one another. Even making generous allowances for the possibility or even the likelihood that Plaintiff was speaking in code, and further allowing for inferences that the conversations involved financial transactions about some form of trafficking, these conversations, although potentially suspicious, are not evidence of either the element that Plaintiff conspired to introduce anything into a correctional facility, or the element that drugs, alcohol, or tobacco were the subject matter.

In addition to C.O. Swain's descriptions of telephone conversations, C.O. Swain makes conclusory statements about his suspicions and conclusions, but without giving a factual basis. Suspicions are not sufficient to meet the 'some evidence' standard, and there must be more than suspicion on each of the elements in the charged DR violation. *See State v. Partlow*, 143 Vt. 33, 38 (1983) (noting that "suspicion itself is not evidence."). There is a lack of 'some evidence' with respect to whether drugs, alcohol or tobacco were involved, and a lack of 'some evidence' of introduction into the facility. Accordingly, Defendant has not met the "some evidence" standard and his motion is denied. Plaintiff's cross-motion for summary judgment is granted.

ORDER

Defendant's Motion for Summary Judgment is hereby *denied*.

Plaintiff's Cross-Motion for Summary Judgment is hereby *granted*. Plaintiff's counsel shall prepare a form of Judgment.

Dated at Woodstock, Vermont, this 26th day of March, 2014.

Honorable Mary Miles Teachout
Superior Court Judge

3